UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JACKSON JONES | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 14-01245 |
| TIDEWATER INC. ET. AL | * | SECTION "L" |

## ORDER AND REASONS

Before the Court is Defendant Tidewater's Motion to Dismiss the claims filed against it by Plaintiff Jackson Jones. (Rec. Doc. 6). The Court has reviewed the briefs and the applicable law and now issues this Order & Reasons.

## I. BACKGROUND

On May 6, 2014, Jackson Jones (Plaintiff) filed suit against Tidewater, Inc., Pennzoil Company, Union Carbide Corporation (doing business as Dow Chemical Company), Steve Comeaux, Stephanie Skinner, Keith Marchadie, Jim Cooley, John Colley, and Deborah Perkins in Louisiana State Court. (Rec. Doc. 1-2). Plaintiff requested service only on Tidewater (Defendant). (Rec. Doc. 1-2 at 6). Defendant Tidewater removed the suit to this Court on May 30, 2014. (Rec. Doc. 1). To date, the plaintiff has not served any other defendant. With regard to Defendant Tidewater, Plaintiff brings multiple claims stemming out of his employment with the Defendant from 1978-1979. (Rec. Doc. 1-2). He alleges that he was injured due to Defendant's negligence while unloading freight aboard Defendant's vessel. (Rec. Doc. 1-2 at 2). He further alleges that the Defendant violated OSHA rules in directing him to clean chemical storage tanks without protective gear, exposing him to toxic chemicals. (Rec. Doc. 1-2 at 3).

Jones worked for Tidewater on the M/V NORTH TIDE. Many of the Plaintiff's claims arise out of an alleged head injury that occurred while he was employed on the vessel. (Rec. Doc.

1

1-2). Plaintiff claims amnesia which prevented him from recalling the incident until recently. Plaintiff also alleges exposure to exhaust fumes and other chemicals while employed by Tidewater and Carbide. (Rec. Doc. 1-2 at 2). He states that on May 7, 2013 he had blood work performed that indicated abnormal test results for kidney level and prostate, among other health problems. (Rec. Doc. 1-2 at 3). Plaintiff does not allege any causal connection between the exposure and the present health problems. (Rec. Doc. 1-2 at 3). Plaintiff further alleges claims under the Jones Act, The Longshore and Harborworkers' Compensation Act, and he alleges toxic exposure, wrongful termination, discrimination, and civil rights violations. (Rec. Doc. 1-2 at 3-5). Plaintiff asks for back pay, reinstatement, retirement, insurance, and disability benefits. (Rec. Doc. 1-2 at 5).

In 2005, Plaintiff filed suit in this Court alleging similar claims against Tidewater, all based on his employment with the Defendant from 1978-1979. *Jackson C. Jones, Jr. v. Tidewater Marine, LLC, et al.*, Docket No. 05-3076. Specifically, Plaintiff's 2005 complaint included claims of liability based on wrongful termination, hostile work environment, employment discrimination, disability based discrimination, toxic exposure, and civil rights violations. (Rec. Doc. 6-4; Rec. Doc. 6-5). Those claims were dismissed with prejudice on the basis of prescription on May 3, 2007, and the Fifth Circuit affirmed that Judgment in a *per curiam* opinion dated January 29, 2008. *Jones v. Tidewater Marine LLC,* Docket No. 07-30510 (5th Cir. 2008).

**II. PRESENT MOTION**

Defendant Tidewater has filed this motion contending that the Plaintiff's claims against it should be dismissed on three grounds. (Rec. Doc. 6-1). First, the Defendant alleges that all the claims are barred by *res judicata* based on the prior judgment of this Court, as affirmed by the

Fifth Circuit. (Rec. Doc. 6-1 at 5). The Defendant argues that this petition is merely a subsequent attempt to re-litigate the same claims that were already dismissed with prejudice in the earlier case. (Rec. Doc. 6-1 at 5). Defendant states that each claim raised in the present petition was raised in the earlier case. (Rec. Doc. 6-1 at 8). Second, the Defendant avers that all of the Plaintiff's claims are facially prescribed under the applicable statutes of limitations, and that he has failed to prove that any exception to prescription applies. (Rec. Doc. 6-1 at 10). Finally, the Defendant argues that the Plaintiff's allegations fail to meet the federal pleading standard and thus cannot survive a 12(b)(6) motion to dismiss. (Rec. Doc. 6-1 at 12).

Plaintiff responds, reasserting arguments made in his Petition for Damages, and additionally alleging that his workers compensation claim in state court operates to interrupt prescription of his claims. (Rec. Doc. 13).

## III. LAW & ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to file a motion to dismiss for "failure to state a claim upon which relief can be granted...." When a court considers a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To avoid dismissal, a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). A court "do[es] not accept as true conclusory allegations,

3

unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

**B. *Res Judicata***

Under applicable circuit precedent, *res judicata* applies where (1) the parties are identical in the two actions; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits, and; (4) the same claim or cause of action was involved in both cases. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F. 3d 398, 401 (5th Cir. 2009).

The first element of *res judicata* is satisfied, as both Tidewater and Jackson Jones were parties in the earlier action. (Rec. Doc. 6-4; Rec. Doc. 6-5). The second element is satisfied, as the judgment dismissing that case on the basis of prescription was rendered by a court of competent jurisdiction. The third element is satisfied, as this Court's ruling became a final judgment on the merits when it was affirmed by the Fifth Circuit. *See Jones v. Tidewater Marine LLC,* Docket No. 07-30510 (5th Cir. 2008).

In determining whether the fourth element is satisfied, the Fifth Circuit applies the "transactional test," which requires that the two actions are based on the same nucleus of operative facts. *Oreck*, 560 F. 3d at 402. "What factual grouping constitutes a "transaction"… [is] to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004) (adopting the transactional test of the Restatement (Second) of Judgments, § 24). All of the claims raised in the present action arise out of Plaintiff's brief employment by Tidewater from 1979-1979, and that employment was the basis for the Plaintiff's prior cause of action. (Rec. Doc. 1-2). The nucleus

4

of operative fact is therefore the same in this action as that in the previous action, and principals of *res judicata* bar the present claims.

More specifically, the Court finds that the litany of complaints alleged by the Plaintiff in the present complaint is an attempt to once again raise any potential cause of action that arose as part of his brief employment with the Defendant. Indeed, most, if not all, of the claims alleged in the present complaint were specifically alleged in the 2005 complaint. (*See* Rec. Doc. 6-4; Rec. Doc. 6-5). At that time, as here, Plaintiff argued that prescription on those claims should have been equitably tolled based on amnesia. *Id.* On appeal, the Fifth Circuit found that, even assuming that the limitations period could be equitably tolled based on this basis, Plaintiff had failed to provide sufficient evidence to support his claim of amnesia. *Jones v. Tidewater Marine LLC,* Docket No. 07-30510 (5th Cir. 2008). This Court is therefore barred from re-litigating these claims, their prescription, or Plaintiff's amnesia arguments.

### C. Prescription

All of the Plaintiff's claims against Tidewater arise out of his employment, which terminated 35 years ago. Under Louisiana law, once the party pleading prescription shows that the prescriptive period has elapsed between the time of the tortious conduct and the filing of suit, the burden shifts to the other party to show that an exception to prescription applies. *Terrebonne Parish School Bd. v. Mobil Oil Corp*, 310 F.3d 870, 878 (5th Cir. 2002). The Plaintiff argues, as he did in his previous suit, that amnesia stemming from a 1979 offshore accident should suspend the running of prescription. That argument was previously rejected by the Fifth Circuit, noting "We worry about the number of stale, and potentially fraudulent, claims that would surface in the future if we allowed Jones to proceed on his unsubstantiated claims of amnesia." *Jones v. Tidewater Marine LLC,* Docket No. 07-30510 (5th Cir. 2008). Plaintiff also alleges that he was

exposed to chemicals in violation of OSHA standards, but fails to specifically allege the any recently manifested medical abnormalities were caused by this exposure. (Rec. Doc. 1-2 at ¶ 4). Plaintiff has not specifically pled any new exceptions to prescription in his claims against Tidewater; therefore, his claims against this Defendant are prescribed.

### D. Failure to State a Claim

Under federal pleadings standards, "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Iqbal v. Ashcroft*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)) (internal citations omitted). Legal conclusions in a complaint must be supported by factual allegations. *Id.* Here, Plaintiff's claims entitlement to benefits under multiple legal theories, including toxic exposure, the Americans with Disabilities Act, the Jones Act, worker's compensation, breach of contract, uninsured motorist liability, wrongful termination, and discrimination. He does not, however, provide factual allegations to support his claims. (See Plaintiff's Petition for Damages, Rec. Doc. 1-2 at ¶ ¶ 1, 4, 6, 7, 8, 9, 10, 11, 12, 14, 15, 25). These claims should therefore be dismissed.

## IV. CONCLUSION

For the forgoing reasons, **IT IS ORDERED** that the Defendant Tidewater's Motion to Dismiss Based on *Res Judicata* and Prescription is **GRANTED** as to Defendant Tidewater Inc.

Plaintiff's claims against Tidewater Inc. are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this  day of October, 2014.

_____
UNITED STATES DISTRICT JUDGE