UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JACKSON JONES** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 14-01245** |
| **TIDEWATER INC. ET. AL** | * | **SECTION "L"** |

## ORDER AND REASONS

Before the Court is Plaintiff Jackson Jones's Motion for Reconsideration of the Court's Order & Reasons, issued October 2, 2014, which granted Defendant Tidewater's Motion to Dismiss with Prejudice. (Rec. Doc. 25). Jones's Motion also asks the Court for an extension of sixty days to obtain an attorney in response to the Court's Order to serve the other Defendants named in the Complaint within thirty days of October 2, 2014. (Rec. Doc. 25).

## I. BACKGROUND

On May 6, 2014, Jackson Jones (Plaintiff) filed suit against Tidewater, Inc. ("Tidewater") and against other defendants whom Jones has not yet served. In 2005, Plaintiff filed suit in this Court alleging similar claims against Tidewater, all based on his employment with the Defendant from 1978-1979. *Jackson C. Jones, Jr. v. Tidewater Marine, LLC, et al.*, Docket No. 05-3076. Those claims were dismissed with prejudice on the basis of prescription on May 3, 2007, and the Fifth Circuit affirmed that Judgment in a *per curiam* opinion dated January 29, 2008. *Jones v. Tidewater Marine LLC,* Docket No. 07-30510 (5th Cir. 2008).

Defendant Tidewater filed a Motion to Dismiss Jones's claims on three grounds. (Rec. Doc. 6-1). First, the Defendant alleged that all the claims were barred by *res judicata* based on the prior judgment of this Court, as affirmed by the Fifth Circuit. (Rec. Doc. 6-1 at 5). Second, the Defendant averred that all of the Plaintiff's claims were facially prescribed under the

1

applicable statutes of limitations, and that he has failed to prove that any exception to prescription applies. (Rec. Doc. 6-1 at 10). Finally, the Defendant argued that the Plaintiff's allegations failed to meet the federal pleading standard and thus could not survive a 12(b)(6) motion to dismiss. (Rec. Doc. 6-1 at 12). Plaintiff responded, reasserting arguments made in his Petition for Damages and alleging that his workers compensation claim in state court operated to interrupt prescription of his claims. (Rec. Doc. 13). The Court granted Defendant leave to file a Reply on August 27, 2014, and the Defendant averred that all of Plaintiff's Opposition arguments had already been litigated and were barred by *res judicata* and prescription.

    The Court issued an Order & Reasons and granted Defendant Tidewater's Motion to Dismiss with prejudice, finding that Plaintiff's claims were barred by *res judicata*; were prescribed; and that the Plaintiff had failed to allege facts that stated a claim for relief that was plausible on its face. (Rec. Doc. 21). Specifically, the Court found that all of the claims presented by the Plaintiff in the instant action were alleged in his 2005 complaint and already litigated in this Court and in the Fifth Circuit. (Rec. Doc. 21 at 5). The Court determined that the claims were prescribed because they arose out of Plaintiff's employment with Tidewater, which terminated thirty-five years ago. (Rec. Doc. 21 at 5). The Fifth Circuit had already rejected Plaintiff's argument that his amnesia should suspend the running of prescription, and the Plaintiff failed to allege any new exceptions to prescription, so the Court found that his claims were prescribed. (Rec. Doc. 21 at 5-6). Finally, the Court found that the Plaintiff named a number of legal theories but failed to provide factual allegations to support those claims. (Rec. Doc. 21 at 6). The Court specified that this holding related to claims presented in Paragraphs 1, 4, 6, 7, 8, 9, 10, 11, 12, 14, 15, 25 of the Complaint.

Plaintiff filed an *ex parte* Motion for Leave to File Supplements to his Opposition on October 3, 2014. (Rec. Doc. 23). The Court denied this motion, as the Court had already issued its Order & Reasons granting the Motion to Dismiss and because the Plaintiff had filed the *ex parte* motion almost a month after the submission date.

**II. PRESENT MOTION (Rec. Doc. 25)**

Plaintiff puts before the Court a Motion for Reconsideration of the Court's Order & Reasons issued October 2, 2014 (Rec. Doc. 21) and also asks the Court for a sixty-day extension to obtain an attorney in response to the Court's order on October 2, 2014 (Rec. Doc. 22). Plaintiff files the Motion for Reconsideration pursuant to Rule 59(E) of the Federal Rules of Civil Procedure, arguing that the Court issued the ruling before it received Plaintiff's *ex parte* motion. (Rec. Doc. 25). Along with the motion, Plaintiff submits medical documentation to support his contention of memory loss. (Rec. Doc. 25 at 1). Plaintiff also cites and argues that the Court should overrule its earlier decision based on Louisiana Law or transfer the case to Louisiana state court. (Rec. Doc. 25 at 2-3). Plaintiff realleges that Plaintiff's injury resulted from Tidewater's negligence and that the Court should toll the prescription period while Plaintiff was rendered "incompetent." (Rec. Doc. 25 at 3).

Tidewater opposes this motion and argues that Plaintiff fails to meet the high standard of Rule 59(e) because he simply restates his arguments and offers no basis for this Court to reconsider its Order & Reasons. (Rec. Doc. 26 at 5). Tidewater avers that Plainiff's "new evidence" is evidence already presented to Judge Lemmon years ago in a prior proceeding. (Rec. Doc. 26 at 5-6). Tidewater also contends that Plaintiff's does not meet the standard under Rule 60 but "responds to Plaintiff's prayer in abundance of caution." (Rec. Doc. 26 at 6)

**III. LAW & ANALYSIS**

The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp*., 123 F.3d 336, 339 (5th Cir. 1997). However, when a movant seeks review of a judgment, such as in the present case, courts treat a motion for reconsideration as either a Rule 59(e) motion to alter or amend judgment, or as a Rule 60(b) motion for relief from a judgment or order. *Lavespere v. Niagara Mach. & Tools Works, Inc*., 910 F.2d 167, 173 (5th Cir. 1990). The motion is considered a Rule 59(e) motion if filed no later than 28 days of entry of a judgment, and a Rule 60(b) motion if filed after this time period. *See* Fed. R. Civ. P. 59(e). Here, Plaintiff filed his Motion within 28 days of entry of the Court's Order & Reasons; thus, the Motion is treated as a Rule 59(e) motion to alter or amend judgment.

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004)(citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc*., 910 F.2d 1667, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that...simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc*., 2010 WL 3943522, at *2 (E.D. La.

Oct. 6, 2010).  District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment."  *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

In the present case, Plaintiff urges the Court to reconsider its previous Order & Reasons but fails to articulate any new argument or cite any new evidence that demands such a remedy. Rather, Plaintiff rehashes the same arguments that he has already put before this Court and the Fifth Circuit.  Plaintiff, for example, highlights his amnesia argument that the Fifth Circuit decisively rejected in 2008 and which the Court stressed was barred by *res judicata* in its Order & Reasons.  (Rec. Doc. 21 at 5).  The evidence offered by Plaintiff in the form of a doctor's letter and a medical report is years old and does not constitute "new evidence" that would compel this Court to overturn its Order & Reasons.   The Louisiana Law and case citations put forth by the Plaintiff fail to underscore any law that would oblige this Court to reconsider its prior ruling.  Finally, Plaintiff filed his *ex parte* motion well after the submission deadline, and it provided no new evidence or argument that would have lead the Court to deny Defendant Tidewater's Motion to Dismiss.  In sum, the Court refuses to grant Plaintiff's Motion for Reconsideration as it signifies an attempt, much like the Plaintiff's Complaint against Defendant Tidewater, to relitigate issues already decided by this Court.

## IV. CONCLUSION

For the forgoing reasons, **IT IS ORDERED** that the Plaintiff's Motion for Reconsideration is **DENIED.  IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time, 60 days, to obtain a lawyer and to serve the other defendants is **GRANTED**.

New Orleans, Louisiana, this 12th day of November 2014.

_____
UNITED STATES DISTRICT JUDGE