UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JACKSON JONES** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 14-01245** |
| **TIDEWATER INC. ET. AL** | * | **SECTION "L"** |

## ORDER AND REASONS

Before the Court is Plaintiff Jackson Jones's Motion for Reconsideration (Rec. Doc. 37). Though Plaintiff's motion is not clear as to which Court order he would like reconsidered, the Court will construe the motion as a motion to reconsider the Court's Order & Reasons, issued January 16, 2015, which granted Defendant Tidewater's motion for a Rule 54(b) judgment dismissing it from the case. (Rec. Doc. 35). At this time, the Court will also consider Plaintiff's response to the Court's order directing him to show cause for his failure to serve the remaining defendants in the case. (Rec Doc. 36).

## I. BACKGROUND

On May 6, 2014, Jackson Jones (Plaintiff) filed suit against Tidewater, Inc. ("Tidewater") and against other defendants whom Jones has not yet served. In 2005, Plaintiff filed suit in this Court alleging similar claims against Tidewater all based on his employment with the Defendant from 1978-1979. *Jackson C. Jones, Jr. v. Tidewater Marine, LLC, et al.*, Docket No. 05-3076. Those claims were dismissed with prejudice on the basis of prescription on May 3, 2007, and the Fifth Circuit affirmed that Judgment in a *per curiam* opinion dated January 29, 2008. *Jones v. Tidewater Marine LLC,* Docket No. 07-30510 (5th Cir. 2008).

On October 2, 2014, the Court granted Defendant Tidewater's Motion to Dismiss with prejudice, finding that Plaintiff's claims were barred by *res judicata*; were prescribed; and that

1

the Plaintiff had failed to allege facts that stated a claim for relief that was plausible on its face. (Rec. Doc. 21). Plaintiff filed a Motion for Reconsideration of this Court's Order & Reasons, which the Court denied on November 12, 2014. (Rec. Doc. 30). At that time, however, the Court granted Plaintiff's motion for an extension of time, giving Plaintiff 60 days to obtain a lawyer and serve the remaining Defendants

On January 14, 2015, the Court granted Defendant Tidewater's Motion for a Final Judgment pursuant to Rule 54(b). (Rec. Doc. 33). The Court found no just reason to delay entry of a final judgment as to Tidewater. Because the Plaintiff has named seven other defendants, the Court found that the claims against the remaining defendants might not be resolved for some time, and a final judgment as to Tidewater was appropriate.

On January 14, 2015, the Court ordered the Plaintiff to show good cause by February 12, 2015, as to why he has not served the remaining defendants. Plaintiff responded on February 18, 2015, after the Court's deadline.

## II. PRESENT MOTION (Rec. Doc. 35)

Plaintiff has filed a second Motion for Reconsideration. Although he fails to specify which Order of this Court he would like reconsidered, the Court will construe this motion as a Motion to Reconsider the Court's Order & Reasons, issued January 16, 2015, which granted Defendant Tidewater's motion for a Rule 54(b) judgment dismissing it from the case. (Rec. Doc. 35). As the Court has previously denied Plaintiff's earlier Motion to Reconsider the initial order dismissing Tidewater from the case, further reconsideration of that order would be inappropriate. In his motion, Plaintiff rehashes the history of his injury, which he alleges resulted from Defendant Tidewater's negligence. (Rec. Doc. 35 at 1). He further alleges that he suffered from amnesia as a result of the incident, rendering him unable to bring suit in a timely fashion. (Rec.

Doc. 35 at 1). Plaintiff also argues that the Court should re-instate his claim against Tidewater based on Louisiana law and earlier administrative proceedings. (Rec. Doc. 35 at 2-3).

### III. RESPONSE TO RULE TO SHOW CAUSE (Rec. Doc. 36)

Plaintiff has responded to the Court's Rule to Show Cause as to why he has not served the remaining defendants. (Rec. Doc. 36). Plaintiff was previously ordered to serve remaining defendants within 30 days of October 2, 2014. Plaintiff requested an extension, which the court granted on November 12, 2014, giving him 60 days from that point to obtain an attorney and serve remaining defendants. That deadline has passed, and the remaining defendants remain unserved. In his response to the show cause order, Plaintiff reasserts both his claims and his opposition to Tidewater's motion to dismiss, which was previously granted by this Court. Plaintiff offers no explanation for his failure to serve the remaining defendants.

### IV. LAW & ANALYSIS

#### A. MOTION TO RECONSIDER

The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, when a movant seeks review of a judgment, such as in the present case, courts treat a motion for reconsideration as either a Rule 59(e) motion to alter or amend judgment, or as a Rule 60(b) motion for relief from a judgment or order. *Lavespere v. Niagara Mach. & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). The motion is considered a Rule 59(e) motion if filed no later than 28 days of entry of a judgment, and a Rule 60(b) motion if filed after this time period. *See* Fed. R. Civ. P. 59(e). Here, Plaintiff filed his Motion more than 28 days after entry of the Court's Order & Reasons; thus, the Motion is treated as a Rule 60(b) motion for relief from a judgment or order.

To prevail on a Rule 60(b) motion, the moving party must show that he is entitled to relief for one of six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief

Fed. R. Civ. Pro. 60(b). Such relief will only be granted in "unique circumstances." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985). "The district court enjoys considerable discretion when determining whether the movant has satisfied any of these rule 60(b) standards." *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

In the present case, Plaintiff urges the Court to reconsider its previous Order & Reasons but fails to articulate any new argument or cite any new evidence that demands such a remedy. Rather, Plaintiff rehashes the same arguments that he has already put before this Court and the Fifth Circuit. Plaintiff, for example, highlights his amnesia argument that the Fifth Circuit decisively rejected in 2008 and which the Court stressed was barred by *res judicata* in its Order & Reasons. (Rec. Doc. 21 at 5). The Louisiana Law and case citations put forth by the Plaintiff fail to underscore any law that would compel this Court to reconsider its prior ruling. In sum, the

Court refuses to grant Plaintiff's Motion for Reconsideration as it signifies a further attempt, much like the Plaintiff's Complaint against Defendant Tidewater, to relitigate issues already decided by this Court.

### B. RULE TO SHOW CAUSE

The Court has ordered the Plaintiff to show cause for his failure to serve the remaining defendants in the case. Absent good cause, a plaintiff must serve a defendant within 120 days from the time the complaint is filed, or the court may dismiss the action on its own motion. Fed. R. Civ. Pro. 4(m). To establish good cause, a litigant must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Though *pro se* plaintiffs are provided with some leeway with regard to service deadlines and procedures, "it is within the discretion of the court to dismiss a pro se plaintiff's cause of action when the plaintiff's own carelessness contributed to the failure of service… or where the plaintiff cannot show good cause for failure to meet deadlines for service." *Flander v. Kforce, Inc.*, 526 F. Appx. 364, 368 (5th Cir. 2013) (citations omitted).

In this matter, the Court has given Plaintiff ample opportunity to serve the remaining defendants. When the Court granted Defendant Tidewater's Motion to Dismiss on October 2, 2014, it also ordered Plaintiff to serve the remaining defendants within 30 days of that order. (Rec. Doc. 22).Plaintiff asked for an extension to obtain service, which the Court granted. Nevertheless, the defendants remain unserved. On January 14, 2015, the Court next ordered the Plaintiff to write to the court and show cause for his failure to serve the remaining defendants on

or before Feruary 12, 2015. (Rec. Doc. 34). On February 18, 2015, after this deadline expired, Plaintiff filed a response; however, this response merely reiterates his claims and offers no explanation for his failure to serve defendants. Though mindful of the fact that *pro se* plaintiffs should be afforded a degree of leeway with regard to service, in this matter the Court has given Plaintiff repeated opportunities to serve the defendants, and has repeatedly failed to do so. More than six months have now elapsed since Plaintiff was originally ordered to serve the remaining defendants, and he has offered no explanation for his failure to do so. It is therefore within the discretion of the court to dismiss his action without prejudice, pursuant to Rule 4(m).

## V. CONCLUSION

For the forgoing reasons, **IT IS ORDERED** that the Plaintiff's Motion for Reconsideration is **DENIED.  IT IS FURTHER ORDERED** that Plaintiff's claims against all remaining defendants are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 12th day of April, 2015.

_____
UNITED STATES DISTRICT JUDGE